IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **DONALD N. CURBOW,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **V.** ) | |
| ) | Civil Action Number |
| **STATE OF ALABAMA, BOB** ) | **5:06-cv-20-UWC** |
| **RILEY, GOVERNOR; MORGAN** ) | |
| **COUNTY ALABAMA, LARRY** ) | |
| **BENNICH, CHAIRMAN; and CITY** ) | |
| **OF DECATUR, ALABAMA, LYNN** ) | |
| **FOWLER, MAYOR** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION ON
LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff, Donald N. Curbow, who has elected to proceed *pro se*, initiated this action on January 12, 2006, against defendants the State of Alabama, Morgan County Alabama, and the City of Decatur, Alabama. According to his initial pleading, Curbow is an Alabama resident. In this initial pleading,[1] Mr. Curbow apparently asks this Court to reverse decisions made by several Alabama state courts regarding a probate matter:

> "The trial court errored in setting the time for the statute of limitations ..." (Doc. 1, ¶ 1.) "Appellant is due an overrule or reversal of the orders ... due to error of the trial court in setting December 19, 2000 as the date the statute of limitations began for his complaint." (Doc. 1, ¶ 6.)

---

[1] His initial pleading is titled "Motion to overrule, reverse the orders of supreme court of Alabama, case no. 1050351, petition for writ of certiorari, to the State of Alabama Court of Civil Appeals, case no. 2040201, affirmed of Circuit Court of Morgan County, Alabama, case no. cv-04-683 summary judgment for defendants."

1

> "When the estate has been fully administered and it is shown by the executor or administrator ... that he has paid all sums of money due from him and delivered up ... all the property of the estate, ... the court must make judgment or decree discharging him for all liability as such executor or administrator." (Doc. 1, ¶ 3.)

The Court is obligated to raise questions concerning subject matter jurisdiction *sua sponte*. *See, e.g., Arthur v. Haley*, 248 F.3d 1302, 1303 n.1 (11th Cir. 2001) ("[w]hile neither party has raised the issue of whether we have subject matter jurisdiction over this case, we are obliged to address the issue *sua sponte*."). The Court's obligation to assess the propriety of its jurisdiction exists regardless of whether the issue has been raised by the parties and derives from the jurisdictional principle that federal courts are courts of limited jurisdiction and are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (citing *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). As Mr. Curbow is attempting to bring this dispute within the purview of this Court, he bears the burden of proving that this Court has jurisdiction either through federal question or diversity. However, Mr. Curbow has failed to do so.

Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. However, nothing in Mr. Curbow's initial pleading even remotely suggests that this Court has federal question jurisdiction over his probate dispute. Nowhere in Mr.

Curbow's motion is there a clear assertion of a federal question or in fact any citation or reference to a possible cause of action that arises under the Constitution, laws, or treaties of the United States.  Mr. Curbow's dispute appears to solely involve probate, an exclusively state matter.  Accordingly, there is no basis for federal question jurisdiction.

Nor does Mr. Curbow's motion invoke this Court's diversity jurisdiction.  In order to invoke a federal court's diversity jurisdiction, the plaintiff must assert complete diversity of citizenship between the parties, and that the amount in controversy exceeds $75,000.  *Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 807 (11th Cir. 2003).  To satisfy the diversity of citizenship requirement, not only must a plaintiff be a citizen of a state other than the state in which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant.  *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1557 (11th Cir. 1989).

Even assuming that Mr. Curbow can satisfy the amount in controversy requirement, the face of the initial pleading clearly demonstrates that the parties are not completely diverse.  As seems explicit from the face of the initial pleading, appellant is an Alabama state resident and appellees are Alabama state, county, and municipal entities; therefore, the requirement of 'complete diversity' is not met here.  Accordingly, failure to present any evidence of complete diversity of citizenship of the parties precludes any further discussion of the possible satisfaction of the jurisdictional amount.

Based on the foregoing analysis, Mr. Curbow has failed to meet his burden of establishing this Court's subject matter jurisdiction in his initial pleading.  Fed. R. Civ. P.

12(b)(1). By separate order, this action will be dismissed, without prejudice for want of subject matter jurisdiction.

Done the 31st day of January, 2006.

_____
U.W. Clemon
Chief United States District Judge